###### Toledo v. Jones
*[Cite as 2 AOA 314]*

*Case No. L-89-070*
*Lucas County, (6th)*
*Decided March 30, 1990*

R.C. 2945.17
*Crim. R. 5(A)(5)*

*Christopher Jan and George R. Smith, Jr., Counsel for Appellant.*

*Dan Pilrose, Assistant City Prosecutor for Appellee.*

ABOOD, J.

This is an appeal from a judgment of the Toledo Municipal Court in which appellant, Jack H. Jones, was found guilty of two charges of assault in violation of Toledo Municipal Code Section 537.03, one charge of resisting arrest in violation of Toledo Municipal Court Section 525.09 and one charge of criminal damaging in violation of Toledo Municipal Code Section 541.03.

Appellant sets forth the following assignments of error:

I.
A JUDGE COMMITS PLAIN AND PREJUDICIAL ERROR WHERE, AS HERE, A DEFENDANT, UNREPRESENTED BY COUNSEL, IS NOT INFORMED TO HIS RIGHT TO A JURY TRIAL AND THE NECESSITY TO MAKE A DEMAND THEREFORE PURSUANT TO CRIM. R.

5(A)(5), SAID ERROR SUPPORTED BY A SILENT RECORD HEREIN.

## II.
A JUDGE COMMITS PLAIN AND PREJUDICIAL ERROR WHERE, AS HERE, A JUDGE FAILS TO NEITHER MAKE ADEQUATE INQUIRY AS TO DEFENDANT'S ELIGIBILITY FOR APPOINTED COUNSEL NOR GRANT A CONTINUANCE AT TRIAL AFTER DEFENDANT AFFIRMATIVELY STATED THAT HE WANTED REPRESENTATION OF COUNSEL AND AFTER SIGNIFICANT INDICIA, SUPPORTED BY THE RECORD, OR DEFENDANT'S ATTEMPTS TO RETAIN COUNSEL AND HIS INABILITY TO DO SO WHERE, AS HERE, THE TOTALITY OF CIRCUMSTANCES DEMONSTRATE THAT THE COURT FAILED TO DETERMINE THAT (1) DEFENDANT'S WAIVER OF COUNSEL WAS KNOWING, INTELLIGENT AND VOLUNTARY REQUIRED BY CRIM. R. 44 (B) AND (2) DEFENDANT EITHER HAD OR LACKED THE ABILITY TO RETAIN COUNSEL PURSUANT TO CRIM. R. 44 (D).

## III.
A JUDGE COMMITS PLAIN AND PREJUDICIAL ERROR WHERE, AS HERE, A DEFENDANT IS CALLED ON TO PLEAD, ENTERS A PLEA OF NOT GUILTY AND IS NOT PROVIDED WITH A COPY OF THE COMPLAINT[S] UNTIL AFTER TRIAL HAS COMMENCED, A WITNESS IS SWORN AND TESTIMONY IS TAKEN, ALL IN CONTRAVENTION OF CRIM. R. 10(A), CRIM. R. 5 (A)(5)AND DEFENDANT'S DUE PROCESS RIGHTS AFFORDED TO HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES AND THE CONSTITUTION OF THE STATE OF OHIO."

The undisputed facts that are relevant to the first issue raised on appeal are as follows. On November 13, 1988, appellant was arrested by a Toledo police officer on an outstanding warrant for domestic violence. The following morning appellant appeared in the Toledo Municipal Court for arraignment on the original domestic violence charge, plus new charges of assault, resisting arrest, criminal damaging and a seat belt violation.

At the beginning of the proceedings, the court addressed all those present in the courtroom, including the appellant, with a brief introductory "rights speech." When appellant's case was called for arraignment he, without an attorney, pleaded not guilty to all the charges except the seat belt violation, to which he entered a plea of guilty.

On November 22, 1988, the case proceeded to trial to the court and appellant was found guilty on the charges of assault, criminal damaging, and resisting arrest. On February 3, 1989, he was sentenced to one hundred eighty days in the Toledo House of Corrections. It is from this judgment that appellant brings this appeal.

In the first assignment of error appellant focuses directly on the contents of the rights speech that was given at the arraignment and argues that the court erred by failing to inform him of his right to a jury trial and the necessity to make a demand therefore.

Appellant's right to a jury trial is provided by R.C. Section 2945.17, which states:

"At any trial, in any court, for the violation of any statute of this state, or of any ordinance of any municipal corporation, except in cases in which the penalty involved does not exceed a fine of one hundred dollars, the accused has the right to be tried by a jury."

Crim. R. 5(A) states in pertinent part:

"(A) Procedure upon initial appearance. When a defendant first appears before a judge he shall permit the accused or his counsel to read the complaint or a copy thereof, and *shall* inform the defendant:

"***

"(5) of his right, where appropriate, to jury trial and the necessity to make demand therefore in petty offense cases." (Emphasis added).

Appellant was charged, convicted and sentenced to a jail term on a number of misdemeanors of varying degrees, including two charges of assault which, as first degree misdemeanors, carry a maximum penalty of six months in jail and a $1,000 fine. Under these circumstances it is absolutely clear that appellant was entitled to be informed by the judge of his right to a jury trial.

Upon a thorough examination of the transcript of the proceedings at arraignment and at trial this court finds that, while the "rights speech" delivered by the judge at arraignment informed those present of their right to be represented by counsel and explained the different pleas available to them, at no point during his arraignment or trial appearance was

it mentioned to appellant that he had the right to have his case tried by a jury, as required by Crim. R. 5.

Since the duty to inform the accused of his right to a jury trial is mandatory upon the trial court when, as in this case, a defendant is sentenced to a jail term and the court failed to inform appellant of that right, appellant's first assignment of error is found well-taken.

Upon consideration of appellant's second and third assignments of error this court finds that due to our decision as to the first assignment of error they are rendered moot and are therefore not well-taken.

On consideration whereof, the court finds that the appellant was prejudiced and prevented from having a fair trial, the judgment of the Toledo Municipal Court is reversed and this case is remanded to the trial court for a new trial. It is so ordered. Appellee is assessed the court costs of this appeal.

*Judgment affirmed.*

GEORGE M. GLASSER, J.
CHARLES D. ABOOD, J.
Concur.

Prior to his death, JUDGE JOHN J. CONNORS, JR., did participate in the decision-making process of this case.